IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| STANLEY EUGENE CLARK, § | | |
| TDCJ # 1319496, § | | |
|     Petitioner, § | | |
| § | | |
| v. § | CIVIL ACTION NO. G-07-0572 | |
| § | | |
| NATHANIEL QUARTERMAN, § | | |
| Director, Texas Department of § | | |
| Criminal Justice, Correctional § | | |
| Institutions Division, § | | |
|     Respondent. § | | |

## **MEMORANDUM AND ORDER**

State inmate Stanley Eugene Clark (TDCJ # 1319496) has filed a petition under 28 U.S.C. § 2254, seeking a federal writ of habeas corpus to challenge a state court felony conviction. Respondent Nathaniel Quarterman, Director of the Texas Department of Criminal Justice's Correctional Institutions Division, filed a Motion for Summary Judgment ("Motion") [Doc. # 12], to which Petitioner filed a Memorandum [Doc. # 13] in opposition. After considering all of the pleadings, the state court records, and the applicable law, the Court **grants** the Respondent's Motion and **dismisses** this case.

## I.    BACKGROUND AND PROCEDURAL HISTORY

Clark was charged in the 122nd District Court of Galveston County with one count of aggravated sexual assault of a child with two enhancements. Specifically, Clark was charged with having sexually assaulted his stepdaughter when she was in kindergarten. She lived in Texas City, Texas, at the time, which is located in Galveston County.

Clark entered a plea of not guilty to the sexual assault charge, but true to the enhancements. In August 2005, he was found guilty following trial by jury and was sentenced to 30 years imprisonment.

Clark pursued an unsuccessful appeal. *See Clark v. State*, No. 13-05-713-CR (Tex. App. -- Corpus Christi, 2006). His petition for discretionary review was denied. In July 2007, Clark filed a state petition for a writ of habeas corpus, which was denied in October 2007 without a written order based on the findings of the trial court without a hearing. *See Ex parte Clark*, App. No. 68,589-01.

Clark now seeks a writ of habeas corpus under 28 U.S.C. § 2254 to challenge his state court conviction. He contends that he is entitled to relief for the same reasons presented in state court. Respondent argues that Clark is not entitled to relief on any of his claims under the governing federal habeas corpus standard of review set forth below.

## II.   STANDARD OF REVIEW

Federal review of the pending habeas corpus petition is subject to the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). Embodying the principles of federalism, comity, and finality of judgments, the AEDPA "substantially restricts the scope of federal review of state criminal court proceedings." *Montoya v. Johnson*, 226 F.3d 399, 404 (5th Cir. 2000). Specifically, the federal habeas corpus statutes amended by the AEDPA, codified at 28 U.S.C. § 2254(d), set forth a "highly deferential standard for evaluating state-court rulings, . . . , which demands that state court decisions be given the benefit of the doubt." *Woodford v. Visciotti*, 537 U.S. 19, 24 (2002) (internal citation omitted).

The federal habeas corpus statutes require applicants for relief to present their claims first in state court and to exhaust all state court remedies through proper adjudication. *See* 28 U.S.C. § 2254(b). To the extent that a petitioner's claims were adjudicated on the merits in state court, the AEDPA standard applies, and provides that a petitioner is not entitled to relief unless the state court's ultimate decision:

(1)   was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2); *Santellan v. Cockrell*, 271 F.3d 190, 193 (5th Cir. 2001) (citation omitted). The burden is on the petitioner to show that he is entitled to relief under this highly deferential AEDPA framework. *See DiLosa v. Cain*, 279 F.3d 259, 262 (5th Cir. 2002).

Claims presenting pure questions of law and mixed questions of law and fact are governed by § 2254(d)(1). *See Martin v. Cain*, 246 F.3d 471, 475 (5th Cir. 2001). The Supreme Court has clarified that "clearly established Federal law" or precedent for purposes of § 2254(d)(1) "refers to the holdings, as opposed to the dicta," of decisions from the United States Supreme Court "as of the time of the relevant state-court decision." *Carey v. Musladin*, 549 U.S. 70, 127 S. Ct. 649, 653 (2006) (quoting *Williams v. Taylor*, 529 U.S. 362, 412 (2000)). A state court decision is "contrary to" clearly established precedent if the state court arrives at a conclusion opposite to one reached by the Supreme Court on a question of law or if the state court decides a case differently from the Supreme Court "on a set of materially indistinguishable facts." *Williams*, 529 U.S. at 412-13. A state court decision is an "unreasonable application" of clearly established precedent if the state court identifies

the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the petitioner's case. *Id.*

Pure questions of fact are governed by § 2254(d)(2). *See Martin*, 246 F.3d at 475. In addition, a state court's factual findings are entitled to deference on federal habeas corpus review and are presumed correct under 28 U.S.C. § 2254(e)(1), unless the petitioner rebuts those findings with "clear and convincing evidence." *Garcia v. Quarterman*, 454 F.3d 441, 444 (5th Cir. 2006) (citing *Hughes v. Dretke*, 412 F.3d 582, 589 (5th Cir. 2005) and 28 U.S.C. § 2254(e)(1)). This deference extends not only to express findings of fact, but to the implicit findings of the state court as well. *Garcia*, 454 F.3d at 444-45 (citing *Summers v. Dretke*, 431 F.3d 861, 876 (5th Cir. 2005); *Young v. Dretke*, 356 F.3d 616, 629 (5th Cir. 2004)).

### III. DISCUSSION

#### A. Ineffective Assistance of Counsel Claim (Ground One)

Clark contends that he is entitled to federal habeas relief because his criminal defense counsel, Gerald Burks, failed to provide constitutionally effective assistance during trial. Specifically, Clark alleges that counsel failed to object to the State's hypothetical question during voir dire, conducted an inadequate pretrial investigation, failed to call material witnesses, and elicited prejudicial hearsay testimony. The state habeas corpus court rejected Clark's ineffective-assistance allegations.

Clark contends that the state court's decision was an unreasonable application of *Strickland v. Washington*, 466 U.S. 668 (1984), which establishes the test for ineffective assistance of counsel. To prevail on an ineffective-assistance claim, a habeas petitioner must establish both elements of the *Strickland* test by showing that (1) counsel's representation was deficient, such that it "fell below an objective standard of reasonableness," and (2) that the deficient representation caused prejudice, which requires a showing that there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 688; *see also Williams v. Taylor*, 529 U.S. 362, 390-91 (2002) (reciting the two-prong *Strickland* test). "Unless a defendant makes both showings, it cannot be said that the conviction . . . resulted from a breakdown in the adversary process that rendered the result unreliable." *Strickland*, 466 U.S. at 687.

To establish deficient performance, the petitioner must demonstrate that "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Strickland*, 466 U.S. at 687. Judicial scrutiny of counsel's performance must be "highly deferential," indulging in a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial

strategy." *Riley v. Dretke*, 362 F.3d 302, 305 (5th Cir. 2004) (quoting *Strickland*, 466 U.S. at 689).

Even if defense counsel committed an error, a petitioner must still demonstrate actual prejudice as a result of his counsel's deficient performance. Performance is prejudicial only if, but for counsel's errors, there is a reasonable probability that the final result would have been different and confidence in the reliability of the verdict has been undermined. *See Leal*, 428 F.3d at 548 (citing *Little v. Johnson*, 162 F.3d 855, 860-61 (5th Cir. 1998)). A "reasonable probability" in this context is "a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694.

Notably, the state court rejected Clark's ineffective-assistance claims after considering an affidavit from his trial counsel along with the trial court records. The state court's fact findings and credibility determinations are entitled to the presumption of correctness found at 28 U.S.C. § 2254(e)(1). *See Valdez v. Cockrell*, 274 F.3d 941, 948 n.11 (5th Cir. 2001); *Galvan v. Cockrell*, 293 F.3d 760, 764 (5th Cir. 2002). "The presumption is especially strong when the state . . . court and the trial court are one in the same," as they were in this case. *Clark v. Johnson*, 202 F.3d 760, 764 (5th Cir. 2000); *see also Pippin v. Dretke*, 434 F.3d 782, 792 (5th Cir. 2005) ("A trial court's credibility determinations made on the basis of conflicting evidence

are entitled to a strong presumption of correctness and are 'virtually unreviewable' by the federal courts.") (citations omitted).

### 1.     Failure to Object to State's Hypothetical During Voir Dire

Clark complains that his attorney was deficient during jury selection because he failed to object during voir dire to the State's hypothetical question regarding the "one-witness" issue. Under the Texas "one-witness" rule, a conviction can be supported with the uncorroborated testimony of one witness who is not an accomplice as long as the jury believes that witness beyond a reasonable doubt. A prospective juror may be challenged for cause if he indicates that he could not convict on the testimony of only one witness whom he believed beyond a reasonable doubt. *See Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006).

Clark's claim is refuted by the record, which shows that trial counsel at side bar with the trial judge and the prosecutor objected and maintained a running objection to the prosecutor using the "one-witness" rule hypothetical. Counsel again objected before the jury was sworn. Clark has failed to show ineffective assistance of counsel in connection with the State's hypothetical.

### 2.     Failure to Interview or Call Witnesses

Clark complains that his trial counsel was deficient for failing to interview the State's witnesses during the pretrial investigation. Clark also complains that his trial counsel failed to call material witnesses Joy Blackmon, Freddy Paniogua, and "an unidentified material witness" employed by the Assessment Center in Houston.

A habeas petitioner who alleges a failure to investigate or prepare for trial on the part of his counsel must state with specificity what the investigation would have revealed and how it would have changed the outcome of his trial. *See Miller v. Dretke*, 420 F.3d 356, 361 (5th Cir. 2005) (citing *United States v. Green*, 882 F.2d 999, 1003 (5th Cir. 1989)). Clark fails to meet this burden here. He has failed to allege with any specificity what beneficial information would have been discovered through further investigation. As a result, he has failed to show ineffective assistance of counsel based on an alleged failure to conduct a thorough pretrial investigation.

The Fifth Circuit has repeatedly held that complaints of uncalled witnesses are not favored in federal habeas corpus review "because allegations of what a witness would have testified are largely speculative." *Coble v. Quarterman*, 496 F.3d 430, 436 (5th Cir. 2007) (citations omitted). Where the defendant provides the only evidence of the substance of a missing witnesses' testimony, the Court "views claims of ineffective assistance with great caution." *Sayre v. Anderson*, 238 F.3d 631, 635-36 (5th Cir. 2001) (citations and quotations omitted). To demonstrate the required

*Strickland* prejudice on a claim of ineffective assistance in this context, a petitioner "must show not only that [the] testimony would have been favorable, but also that the witness would have testified at trial." *Evans v. Cockrell*, 285 F.3d 370, 377 (5th Cir. 2002).

As was true in connection with the allegation of inadequate pretrial investigation, Clark's allegation regarding failure to call material witnesses fails for lack of specificity. Clark does not state, with a factual basis for the statement, that any of the three witnesses would have appeared to testify or that they would have provided favorable testimony. Joy Blackmon was a physicians assistant who performed a medical examination of the complainant almost three years after the assault. Dr. Freddy Paniogua is a psychologist who interviewed the complainant well after the assault. The unidentified employee of the Assessment Center interviewed the complainant during a videotaped interview, again years after the assault. Clark does not identify any favorable testimony these witnesses would have provided at trial and, as a result, he has not shown that his trial attorney was constitutionally ineffective for failing to call them to testify at trial.

### 3. Prejudicial Hearsay Testimony Elicited by Defense Counsel

Clark asserts that his trial counsel was constitutionally ineffective because he elicited prejudicial hearsay testimony during direct examination of witnesses Michelle

Parsons (from Child Protective Services), Betty Murphy (the child's grandmother), and Dondria Clark (the child's mother). The Court will not second guess an attorney's tactical choices if they are based on informed and reasoned judgment. *See, e.g., Ransom v. Johnson*, 126 F.3d 716, 721 (5th Cir. 1997).

With reference to Betty Murphy and Dondria Clark, these witnesses testified after the complaining witness had already testified, so the child's account of the assault was already before the jury. Trial counsel's questioning of these two witnesses was related to where the assault occurred for purposes of challenging venue in Galveston County. Clark has not shown that it was constitutionally ineffective to question these two witnesses, allowing them to repeat the child's rendition of the assaults.

With reference to Michelle Parsons, Clark argues in his Petition that the prejudicial hearsay involved Parsons having obtained her knowledge of the details of the alleged assaults exclusively from the videotaped interview of the child. This testimony established -- to Clark's benefit -- that Parsons's information about the assault was from a secondary source, not from interviews directly with the child. In his Memorandum in Opposition to Respondent's Motion for Summary Judgment, Clark argues that the prejudicial hearsay elicited from Parsons involved the original report to Child Protective Services. Counsel asked Parsons whether the original report

was an anonymous phone call in which it was alleged that Clark had beaten and sexually assaulted three children in Dondria Clark's home. Parsons responded that this report was the information she received "prior to talking to the children." While the original report could be viewed as prejudicial in isolation, it was so dramatically different from the actual charge as to cast doubt on the reliability of the witnesses. It was not constitutionally deficient representation by trial counsel to present this evidence to the jury, and there is no indication that it adversely affected the outcome of Clark's trial.

Clark has failed to show that his trial attorney improperly elicited hearsay from these three witnesses that was prejudicial to Clark. As a result, Clark is not entitled to federal habeas relief on this claim.

### B.   State's Hypothetical During Jury Selection (Ground Two)

Clark argues that his constitutional right to a fair and impartial jury of his peers was violated when the State was permitted to ask a hypothetical question of the venire which caused the jurors to develop a "fixed opinion" based on the hypothetical and not on the evidence presented at trial. During voir dire, the State asked a hypothetical question to determine whether each juror could comply with the "one-witness" rule. As described above, the "one-witness" rule allows a conviction based on the

uncorroborated testimony of one witness who is not an accomplice as long as the jury believes that witness beyond a reasonable doubt.

The State's hypothetical during Clark's trial involved a 13-year-old girl who is training for a track meet and is running alone on the Seawall in Galveston when she is sexually assaulted. The assailant is eventually captured, and the 13-year-old girl is the only witness against him at trial. The State then asked each juror whether, if they believed the testimony of the 13-year-old girl beyond a reasonable doubt, could they convict based only on the testimony of one witness. The State challenged four prospective jurors for cause based on their responses to the hypothetical, and the trial court struck for cause those four members of the venire. Clark argues that the hypothetical and the trial court's decision to strike for cause the four challenged individuals from the jury panel violated his due process rights.

It is proper during voir dire to pose hypothetical situations to determine prospective jurors' views of issues particular to the case being tried, but it is improper to force the venire members to commit to a verdict based upon facts in a hypothetical that are peculiar to the facts being tried. *See, e.g., Green v. Johnson*, 160 F.3d 1029, 1037 (5th Cir. 1998). In this case, the State's hypothetical was factually distinctive from the facts in the trial. In the hypothetical, the child was much older at the time of the assault. In the hypothetical, the assault was by a stranger and occurred in a public

place while the child was training for a track meet. The State's questions to the jury panel related to their view and ability to follow the "one-witness" rule, not to whether they would find the defendant in the hypothetical guilty. Clark has failed to show that the State's hypothetical violated his constitutional rights.

### C.     Jurors Stricken for Cause (Ground Three)

Clark argues that his constitutional right to a fair and impartial jury of his peers was violated when the trial court granted the State's challenges for cause as to four prospective jurors. A prospective juror may be challenged for cause if he indicates that he could not convict on the testimony of only one witness whom he believed beyond a reasonable doubt. *See Lee v. State*, 206 S.W.3d 620, 623 (Tex. Crim. App. 2006). Clark argues that four prospective jurors were stricken for cause without there being a proper showing that they were not willing or able to follow the "one-witness" rule. Clark's argument, however, is refuted by the record.

The four prospective jurors were asked whether they could convict based only on the testimony of one witness whom they believed beyond a reasonable doubt. These four individuals answered effectively that they would require the State to present more. One venire member, for example, stated that he would require the State to present more evidence. Another individual refused to say that she would follow the

"one-witness" rule, answering that she could not "say one way or the other, to be honest."

The state court found that these four prospective jurors were properly excused for cause, and Clark has failed to show that the state court decision is objectively unreasonable.

### D.     Alleged Due Process and Equal Protection Violation (Ground Four)

Clark asserts as his final ground for relief that the State failed to prove that venue was proper in Galveston County, Texas, because the State presented evidence of one incident of sexual assault in Texas City (in Galveston County) and another unindicted incident in Houston (in Harris County).  There is sufficient evidence to support the finding that venue was proper in Galveston County if, "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found [in the prosecution's favor on the relevant issue]."  *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  On federal habeas review, a court may determine that the evidence on the relevant issue is sufficient "even though the facts also support one or more reasonable hypotheses consistent with the defendant's [position]."  *See Gibson v. Collins*, 947 F.2d 780, 783 (5th Cir. 1991).  The federal habeas court is required to give substantial deference to the state court's decision regarding the sufficiency of the evidence.  *Callins v. Collins*, 998 F.2d 269, 276 (5th Cir. 1993).

The burden of proof is on the State to establish venue by a preponderance of the evidence. *See* TEX. CODE CRIM. PROC. art. 13.17. In this case, the indictment charged Clark with sexually assaulting a child in Galveston County. The State presented evidence that Clark sexually assaulted the child once in Galveston County and once in Harris County. The State in its closing argument explained to the jury that there was proof of the sexual assault in Galveston County and that Clark was not being tried for the alleged assault in Harris County. The state court determined that venue was properly established by a preponderance of the evidence, and Clark has not shown that the state court's determination was in conflict with clearly established federal law or was based on an unreasonable determination of the facts in light of the evidence. Clark is not entitled to federal habeas relief on this claim.

## IV.  CERTIFICATE OF APPEALABILITY

Because the habeas corpus petition filed in this case is governed by the Antiterrorism and Effective Death Penalty Act, codified as amended at 28 U.S.C. § 2253, a certificate of appealability is required before an appeal may proceed. *See Hallmark v. Johnson*, 118 F.3d 1073, 1076 (5th Cir. 1997) (noting that actions filed under either 28 U.S.C. § 2254 or § 2255 require a certificate of appealability). "This is a jurisdictional prerequisite because the COA statute mandates that '[u]nless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken

to the court of appeals . . . .'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (citing 28 U.S.C. § 2253(c)(1)).

A certificate of appealability will not issue unless the petitioner makes "a substantial showing of the denial of a constitutional right," 28 U.S.C. § 2253(c)(2), which requires a petitioner to demonstrate "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Under the controlling standard, this requires a petitioner to show "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Miller-El*, 537 U.S. at 336. Where denial of relief is based on procedural grounds, the petitioner must show not only that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right," but also that they "would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

A district court may deny a certificate of appealability, *sua sponte*, without requiring further briefing or argument. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000). For all of the reasons discussed above, the court concludes that jurists

of reason would not debate whether any procedural ruling in this case was correct or whether the petitioner stated a valid claim of the denial of a constitutional right. Therefore, a certificate of appealability will not issue.

## V.     CONCLUSION AND ORDER

Based on the foregoing, it is hereby **ORDERED** as follows:

1. Respondent's Motion for Summary Judgment (Doc. # 12) is **GRANTED**.

2. The petition for a writ of habeas corpus (Doc. # 1) is **DENIED**, and this case is **DISMISSED** with prejudice.

3. A certificate of appealability is **DENIED**.

The Court will issue a separate Final Order.

SIGNED at Houston, Texas, this 5th day of **March, 2009**.

_____
Nancy F. Atlas
United States District Judge